JACOB M. HARPER (State Bar No. 259463)
  jacobharper@dwt.com
ASHLEY L. VULIN (*pro hac vice pending*)
  ashleyvulin@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
PATAFOODS, INC., D/B/A
AMARA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JESSICA VU, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>PATAFOODS, INC. d/b/a Amara Organic Foods, Inc.,<br><br>                    Defendant. | Case No. **8:24-cv-02265**<br><br>**DEFENDANT PATAFOODS, INC.'S MOTION TO DISMISS COMPLAINT**<br><br>[*Filed concurrently with Declaration of Jessica Sturzenegger, Declaration of Jacob M. Harper, Request for Judicial Notice, and [Proposed] Order*]<br><br>Assigned to the Hon. David O. Carter<br>Courtroom: 10A<br><br>Date:          February 10, 2025<br>Time:          8:30 a.m.<br><br>Action Filed: October 18, 2024 |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 10, 2025, at 8:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable David O. Carter of the above-titled Court, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Courtroom 10A, Santa Ana, California 92701-4516, defendant Patafoods, Inc., d/b/a Amara (Amara) will and hereby does move this Court for an order dismissing the Complaint filed by plaintiff Jessica Vu, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Plaintiff alleges a third-party blog spot-tested two flavors of certain snack foods produced by Amara (the Snacks) and found trace heavy metals, which the Food and Drug Administration is clear are infeasible to remove entirely from the food supply. Plaintiff brings claims for violation of California's Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1750; Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200; and implied warranties. But Plaintiff lacks standing under Rule 12(b)(1) because she does not and cannot allege the Snacks caused any physical injury or exceeded any applicable regulation for heavy metal content. She also fails to state a claim under Rule 12(b)(6) because, among other things, the Snacks' labels would not lead any reasonable consumer to believe the Snacks promise to be free of even naturally occurring, trace heavy metals.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declarations of Jessica Sturzenegger and Jacob M. Harper and Request for Incorporation by Reference and Judicial Notice, and any other evidence or argument which the Court may consider.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on December 9, 2024.

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

DATED: January 10, 2025

DAVIS WRIGHT TREMAINE LLP
JACOB HARPER (SBN 259463)
ASHLEY VULIN (*pro hac vice pending*)


By: /s/ *Jacob M. Harper*
Jacob M. Harper
Attorneys for Defendant
PATAFOODS, INC. d/b/a Amara

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# **TABLE OF CONTENTS**

                                                                                    **Page**

I.    INTRODUCTION ...................................................................................1

II.   BACKGROUND ....................................................................................3

      A.    Amara's Snacks Are Just Fruits and Vegetables....................................3

      B.    FDA Encourages Parents to Feed Kids the Ingredients in The
            Snacks Even Though It Is Aware They Naturally Absorb Heavy
            Metals. ...............................................................................................4

      C.    FDA Guidance Published January 7, 2025, Expressly Carves
            Out Freeze-Dried Puffs Like The Snacks. ...........................................5

      D.    A Third-Party Blog Alleges Trace Heavy Metals in the Snacks. ..........6

      E.    The Alleged Levels of Heavy Metals Pose No Health Risk. ................7

      F.    Plaintiff Brings Suit...........................................................................8

III.  THE COURT SHOULD DISMISS UNDER RULE 12(B)(1).........................9

      A.    Plaintiff Lacks Standing Because She Fails to Allege the Snacks
            She *Actually Purchased* Contained Heavy Metals..............................10

      B.    Plaintiff Lacks Standing Even If She Alleged the Snacks
            Contained Heavy Metals. ..................................................................12

IV.   THE COURT SHOULD DISMISS UNDER RULE 12(B)(6).......................15

      A.    All Plaintiff's Claims Fail Because She Alleges No Injury.................16

      B.    All Plaintiff's Claims Fail Because the Snacks' Labels Would
            Not Mislead a Reasonable Consumer. .................................................16

            1.    Plaintiff Alleges No False or Misleading Representations........16

            2.    Plaintiff Alleges No Fraudulent Omissions. ..........................20

      C.    Plaintiff's Claims Fail for Other Specific Reasons. ...........................21

            1.    Plaintiff's UCL Claim Fails. ...............................................21

            2.    Plaintiff's Implied Warranty Claims Fail. ..............................21

            3.    Plaintiff's Complaint Does Not Entitle Her to Punitive
                  Damages. ........................................................................21

V.    CONCLUSION....................................................................................22

MOTION TO DISMISS COMPLAINT

i

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

C<small>ASES</small>

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .......................................................................... 16

*Beaver v. Tarsadia Hotels*,
  816 F.3d 1170 (9th Cir. 2016) ..............................................................9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................... 16

*Birdsong v. Apple, Inc.*,
  590 F.3d 955 (9th Cir. 2009) ............................................................. 15

*Bland v. Abbott Lab'ys, Inc.*,
  2012 WL 32577 (W.D. Ky. Jan. 6, 2012) ........................................... 17

*Bowen v. Energizer Holdings, Inc.*,
  2022 WL 18142508 (C.D. Cal. Aug. 29, 2022) ......................... 11, 12

*Boysen v. Walgreen Co.*,
  2012 WL 2953069 (N.D. Cal. July 19, 2012)......................... 2, 13, 14

*Brown v. Abbott Lab'ys., Inc.*,
  2011 WL 4496154 (N.D. Ill. Sept. 27, 2011) ................................... 17

*Brown v. Danone N. Am., LLC*,
  2018 WL 2021340 (N.D. Cal. May 1, 2018)..................................... 18

*Cahill v. Liberty Mut. Ins. Co.*,
  80 F.3d 336 (9th Cir. 1996) .............................................................. 16

*Cohen v. Conagra Brands, Inc.*,
  2024 WL 1136394 (C.D. Cal. Feb. 26, 2024) ................................... 18

*Doss v. Gen. Mills, Inc.*,
  2019 WL 7946028 (S.D. Fla. June 14, 2019).................................... 14

*Finney v. Ford Motor Co.*,
  2018 WL 2552266 (N.D. Cal. June 4, 2018)..................................... 18

D<small>AVIS</small> W<small>RIGHT</small> T<small>REMAINE</small> LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

_____
MOTION TO DISMISS COMPLAINT

*Fraker v. KFC Corp.*,
  2007 WL 1296571 (S.D. Cal. Apr. 30, 2007) ................................................. 17

*Golden W. Trading, Inc. v. BelGioioso Cheese, Inc.*,
  2010 WL 11515277 (C.D. Cal. Feb. 19, 2010) .............................................. 17

*Granfield v. NVIDIA Corp.*,
  2012 WL 2847575 (N.D. Cal. July 11, 2012) ................................................ 12

*Grausz v. Hershey Co.*,
  713 F. Supp. 3d 818 (S.D. Cal. 2024) ........................................................... 20

*Gross v. Vilore Foods Co., Inc.*,
  2020 WL 6319131 (S.D. Cal. Oct. 28, 2020) ................................................ 19

*Hadley v. Kellogg Sales Co.*,
  243 F. Supp. 3d 1074 (N.D. Cal. 2017) ........................................ 2, 19, 20, 21

*Harper Constr. Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
  2020 WL 1820124 (S.D. Cal. Apr. 10, 2020) ................................................ 22

*Herrington v. Johnson & Johnson Consumer Cos., Inc.*,
  2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) ........................................... 14, 21

*Hodsdon v. Mars, Inc.*,
  891 F.3d 857 (9th Cir. 2018) ......................................................................... 20

*Hull v. Safeway, Inc.*,
  2007 WL 1576372 (Cal. Ct. App. June 1, 2007) ........................................... 16

*In re Fruit Juice Prod. Mktg. & Sales Pracs. Litig.*,
  831 F. Supp. 2d 507 (D. Mass. 2011) ........................................................... 14

*In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*,
  2022 WL 10197651 (E.D. Va. Oct. 17, 2022) ............................................... 13

*In re Plum Baby Food Litig.*,
  637 F. Supp. 3d 210 (D.N.J. 2022) ........................................................... 13, 15

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs. & Prods. Liab. Litig.*,
  754 F. Supp. 2d 1208 (C.D. Cal. 2010) ......................................................... 17

*Kimca v. Sprout Foods, Inc.*,
  2022 WL 1213488 (D.N.J. Apr. 25, 2022) .................................................... 13

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Koronthaly v. L'Oreal USA, Inc.*,
  2008 WL 2938045 (D.N.J. July 29, 2008)........................................ 14

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992).......................................................................9

*Marentette v. Abbott Lab'ys, Inc.*,
  886 F.3d 112 (2d Cir. 2018)............................................................ 18

*McGee v. S-L Snacks Nat'l*,
  982 F.3d 700 (9th Cir. 2020) .......................................... 2, 10, 13, 15

*Miller v. Ghirardelli Chocolate Co.*,
  912 F. Supp. 2d 861 (N.D. Cal. 2012) ............................................ 12

*N. Am. Co. for Life & Health Ins. v. Zhang*,
  2019 WL 1060616 (C.D. Cal. Jan. 3, 2019) ................................... 22

*Newcal Indus., Inc. v. Ikon Off. Sol.*,
  513 F.3d 1038 (9th Cir. 2008) ........................................................ 17

*O'Shea v. Littleton*,
  414 U.S. 488 (1974)........................................................................ 10

*Pels v. Keurig Dr. Pepper, Inc.*,
  2019 WL 5813422 (N.D. Cal. Nov. 7, 2019) .................................. 11

*Rausch v. Flatout, Inc.*,
  660 F. Supp. 3d 855 (N.D. Cal. 2023) ............................................ 22

*Schmier v. U.S. Ct. of Appeals for Ninth Cir.*,
  279 F.3d 817 (9th Cir. 2002) .......................................................... 10

*Sims v. Campbell Soup Co.*,
  2018 WL 7568640 (C.D. Cal. Sept. 24, 2018) ............................... 19

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016)........................................................................ 10

*Tristan v. Bank of Am.*,
  2023 WL 4417271 (C.D. Cal. June 28, 2023) ................................ 17

*United Studio of Self Def., Inc. v. Rinehart*,
  2019 WL 6973520 (C.D. Cal. Sept. 9, 2019) ................................. 16

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Vavak v. Abbott Lab'ys, Inc.,*
  2011 WL 13130493 (C.D. Cal. Mar. 7, 2011) ........................................ 11

*Wallace v. ConAgra Foods, Inc.,*
  747 F.3d 1025 (8th Cir. 2014) ........................................ 1, 10, 11, 12

*White v. Lee,*
  227 F.3d 1214 (9th Cir. 2000) ..........................................................9

*Williams v. Gerber Prods. Co.,*
  552 F.3d 934 (9th Cir. 2008) .................................................. 16, 21

**STATUTES**

7 U.S.C.A. § 6501 *et seq.* ........................................................... 18

21 U.S.C.
  § 301 *et seq.* ................................................................... 18
  § 321(ff) ....................................................................... 18
  § 343(i) ........................................................................ 18

California Business & Professions Code
  § 17200 ................................................................. *passim*
  § 17500 ...................................................................... 21

California Civil Code
  § 1750 .................................................................. *passim*
  § 3294 ....................................................................... 22

California Commercial Code § 2314(2) .................................... 21

**REGULATIONS**

21 C.F.R.
  § 101.4(a)(1) ................................................................. 18
  § 145.110(a)(2) .............................................................. 18
  § 150.140(c) ................................................................. 18
  § 165.110 ...................................................................... 19
  § 165.110(b)(4)(iii)(A) ......................................................8
  § 184.1555 ................................................................... 19
  § 184.1983 ................................................................... 19
  § 343-1(a) .................................................................... 18

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# RULES

Federal Rule of Civil Procedure

9(b) ................................................................................................ 16
12(b)(1) ...................................................................................... 1, 9
12(b)(6) ................................................................................ 2, 9, 16

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

MOTION TO DISMISS COMPLAINT

# I.     INTRODUCTION

Defendant Patafoods, Inc. (Amara) produces and markets popular kids snacks designed to encourage lifelong enjoyment of healthy, natural ingredients like carrots, beets, and spinach.  Amara makes its Organic Smoothie Melt snacks (the Snacks) with only organic fruits and vegetables, free of additives.  Plaintiff purchased Amara's Snacks and now sues because she is frustrated that certain heavy metals are unavoidable in the food supply, including in some whole and nutritious ingredients Amara uses to make the Snacks.  But Plaintiff does not allege any specific harm from the trace heavy metals in just two packs of the Snacks—the Snacks caused no harm to Plaintiff, cross no applicable regulatory limit or even guideline, and have not resulted in any Food and Drug Administration (FDA) intervention or recall.  Even as of January 6, 2025, FDA explicitly carved out freeze-dried snacks—like Amara's—from the heavy metal guidelines.  Plaintiff's claims—alleging violations of California's Consumer Legal Remedies Act (CLRA), Unfair Competition Law (UCL), and implied warranties—fail for various reasons.

**<u>Plaintiff Lacks Article III Standing (Rule 12(b)(1)).</u>**  Plaintiff fails to plausibly allege an injury-in-fact necessary for this Court's jurisdiction.

***First***, she does not plausibly allege she actually purchased Snacks with the alleged heavy metals.  She bases her claims entirely on a single website's spot-testing of just two of the five flavors of the Snacks.  Because (as even the third-party website concedes) heavy metal levels vary significantly among ingredients and over time, these isolated tests do not support the inference that the Snacks Plaintiff *actually purchased* contain any heavy metals.  *See Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1030 (8th Cir. 2014) (no injury-in-fact where plaintiffs failed to support inference that food they *actually purchased* was defective).  Each flavor of the Snacks has unique ingredients, the only flavor Plaintiff purchased and tested—Carrot Raspberry—she purchased as many as three-and-a-half years before any testing, and Plaintiff did not purchase one of the tested products.

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

***Second***, Plaintiff concedes the Snacks caused no physical injury, so she only alleges she was robbed of the benefit-of-the-bargain.  But this theory fails even if the Snacks *did* contain the alleged levels of heavy metals because Plaintiff does not plausibly allege the Snacks were worth less than what she paid for them: the Snacks harmed no one and do not exceed any applicable safety threshold.  *See Boysen v. Walgreen Co.*, 2012 WL 2953069 (N.D. Cal. July 19, 2012) (dismissing indistinguishable claims alleging heavy metals in fruit juices on this basis).  Furthermore, Amara never promised the Snacks would be free of even naturally occurring heavy metals so Plaintiff did not "bargain" for this attribute.  *See McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 705 (9th Cir. 2020) (no benefit-of-the-bargain injury where plaintiff failed to show misrepresentation was part of the bargain).

**Plaintiff Fails to State Her Claims (Rule 12(b)(6)).**  Even if Plaintiff could invoke this Court's jurisdiction, she still fails to state a claim.

***First***, injury is an element of all Plaintiff's claims, which she fails to plead.

***Second***, all of Plaintiff's claims hinge on her theory that the Snacks' labels promise the Snacks contain no background levels of heavy metals, but the labels do not support this unreasonable reading.  The only actionable statements on the labels are specific, limited promises unrelated to heavy metals—"non-GMO," "no sugar added," and "no additives or preservatives."  No reasonable consumer would believe these specific (and true) promises encompass an equally specific, but different, promise to be free from even trace levels of naturally occurring heavy metals.  *See Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074 (N.D. Cal. 2017) (no reasonable consumer would believe specific promise "made with real fruit" encompassed promise to be free of trans fats).

***Third***, Plaintiff's claims fail for other, claim-specific reasons.

The Court should dismiss with prejudice.

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## II.    BACKGROUND

**A.    Amara's Snacks Are Just Fruits and Vegetables.**

Amara sells kids' "smoothie melt" snacks, made of ingredients pureed and freeze-dried into smoothie puffs.  Though the ingredients differ among flavors, each flavor contains zero added sugar and only natural and organic fruits, vegetables, coconut milk, and—in the Mighty Sweet Greens flavor—algae (spirulina).  Compl. ¶¶ 21–22.  They come in five flavors, each designed to introduce kids to healthy foods: Beets n' Berries, Carrot Raspberry, Mango Carrot, Mighty Sweet Greens, and Mixed Red Berries.  *Id.* ¶ 1 n.1.  The Complaint includes the product label for the Carrot Raspberry flavor:

 

*Id.* ¶ 21.

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

The Snacks' ingredients by flavor are:

| Flavor | Ingredients |
| --- | --- |
| Beets n' Berries | Organic apple, organic yogurt, organic beets (with organic lemon juice), organic raspberries, organic blueberries |
| Carrot Raspberry | Organic apple, organic coconut milk, organic carrot (with organic lemon juice), organic raspberry |
| Mango Carrot | Organic mango, organic coconut milk, organic carrot, organic lemon juice |
| Mighty Sweet Greens | Organic mango, organic apple, organic coconut milk, organic spinach, and organic spirulina (for color and antioxidants) |
| Mixed Red Berries | Organic banana, organic apple, organic coconut milk, organic red currant berries, organic strawberries |

Declaration of Jessica Sturzenegger (Sturzenegger Decl.) ¶ 2 (listing ingredients).

FDA recommends children eat these ingredients, and introducing them early can help children develop a lasting taste for them. Carrots promote growth and the immune system; apples facilitate insulin function and metabolism; beets provide iron and potassium; and spinach contains folic acid, vitamins E and K, and minerals such as manganese, magnesium, and iron. *Id.*, Ex. 3 (FDA, *Interactive Nutrition Facts Label: Vitamins and Minerals Chart* (Oct. 2021)) at 2–7.

**B.     FDA Encourages Parents to Feed Kids the Ingredients in The Snacks Even Though It Is Aware They Naturally Absorb Heavy Metals.**

Heavy metals "cannot be completely avoided in the fruits, vegetables, or grains that are the basis for baby foods, juices, and infant cereals" because they "are present in the environment and may enter the food supply through soil, water or air." Harper Decl., Ex. 4 (FDA, *FDA Response to Questions About Levels of Toxic Elements in Baby Food, Following Congressional Report* (Feb. 16, 2021)) at 1. Moreover, the level of heavy metals in a particular ingredient "depends on many factors," *Id.*, Ex. 5 (FDA, *FDA Letter to Industry on Chemical Hazards, including Toxic Elements, in Food and Update on FDA Efforts to Increase the Safety of Foods for Babies and Young Children* (Mar. 5, 2021)) at 1, but in general root

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

vegetables and leafy greens—like the carrots, beets, and spinach in several of the Snacks—are prone to absorb heavy metals in the environment.

As such, though FDA knows "Americans want zero toxic elements in the foods eaten by their babies and young children," it cautions that "there are limits to how low these levels can be." *Id.*, Ex. 6 (FDA, *FDA Releases Action Plan for Reducing Exposure to Toxic Elements from Foods for Babies, Young Children* (Apr. 8, 2021)) at 1.  "[R]equiring levels that are not currently feasible could result in significant reductions in the availability of nutritious, affordable foods that many families rely on for their children." *Id.*, Ex. 6 at 1.  FDA further takes "measures to ensure that [efforts to] limit[] toxic elements in foods do not have unintended consequences—like limiting access to foods that have significant nutritional benefits." *Id.*, Ex. 6 at 3.  FDA even warns parents that "mak[ing] their own baby foods … is not likely to reduce potential exposure to toxic elements in baby foods and may instead result in higher concentrations." *Id.*, Ex. 5 at 2.

## C.     FDA Guidance Published January 7, 2025, Expressly Carves Out Freeze-Dried Puffs Like The Snacks.

This month FDA issued final guidance for lead levels in certain children's foods.  *See* Harper Decl., Ex. 7 (*Action Levels for Lead in Food Intended for Babies and Young Children: Guidance for Industry* (Jan. 2025) (2025 Guidance)).  The 2025 Guidance "weigh[s] … *product-specific considerations*," such as a certain food's nutritional benefit, its natural tendency to absorb heavy metals, and the frequency with which children are likely to eat it.[1]  *Id.*, Ex. 7 at 9 (emphasis added); *see id.*, Ex. 7 at 6 (Guidance "ensure[s] that dietary exposure from the *identified*

---

[1] In fact, the 2025 Guidance recognizes "[r]oot vegetables are a source of several nutrients important in growth and development for babies and young children, and a lower action level could reduce the availability of single-ingredient root vegetable foods." Harper Decl. Ex. 7 at 9.

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1 *foods* does not cause consumers to exceed the [daily exposure benchmark]").  But

2 FDA *specifically carved out freeze-dried puffs like the Snacks*:

> As used in this guidance document, **processed food intended for babies and young children does not include** raw agricultural commodities, homemade foods (e.g., fruit purees prepared at home), or **snack foods, including** grain-based or **freeze-dried snacks** (***e.g.***, arrowroot cookies, **puffs**, rusks, teething biscuits).

7 *Id.*, Ex. 7 at 3 n.2 (emphasis added).

8       Moreover, the 2025 Guidance's non-binding "action levels" for heavy metals

9 in certain children's foods[2] "do not establish legally enforceable responsibilities."

10 *Id.*, Ex. 7 at 4.  They set a threshold at which FDA "may" consider a product

11 adulterated and provide a benchmark for FDA "to consider … , in addition to other

12 factors, … when considering whether to bring enforcement action" on a case-by-

13 case basis.  *Id.*, Ex. 7 at 11; *see id.*, Ex. 4 at 2 (FDA "takes steps to stop [a harmful]

14 product from being imported, takes court action to stop its sale or recalls it if it is in

15 the domestic market").  Plaintiff does not allege FDA is considering any

16 enforcement action against Amara.

17       In sum, FDA believes "children are not at an immediate health risk from

18 exposure to toxic elements in foods," *id*. Ex. 6 at 3, and "does not advise parents

19 and caregivers to throw out their supply of packaged baby foods or to stop feeding

20 their babies and children certain foods altogether."  *Id.*, Ex. 5 at 2.

21 **D.    A Third-Party Blog Alleges Trace Heavy Metals in the Snacks.**

22       Plaintiff alleges the Snacks contain low levels of heavy metals.  Compl. ¶ 8.

23 She relies entirely on the apparent results of two spot-tests posted online by Lead

24 Safe Mama, LLC (Lead Safe).  *Id.*  According to the posts, Lead Safe paid

25 laboratories to test one sample of Carrot Raspberry Snacks on September 3, 2024,

26

27 ---

28 [2] The 2025 Guidance sets the following action levels for covered food products: 10 ppb for fruits, vegetables, and mixtures; 20 ppb for single-ingredient root vegetables; and 20 ppb for dry infant cereals.  Harper Decl., Ex. 7 at 4.

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

and one sample of Mighty Sweet Greens Snacks on July 30, 2024. *Id.* ¶¶ 8, 24; *see* Harper Decl., Exs. 1 (Lead Safe post regarding Mighty Sweet Greens), 2 (post regarding Carrot Raspberry).  Lead Safe says the testing showed the Mighty Sweet Greens Snacks contained 35 parts per billion (ppb) lead, 101 ppb cadmium, and 28 ppb arsenic, and that the Carrot Raspberry flavor contained 20 ppb lead, 31 ppm cadmium, and 10 ppb arsenic.  Compl. ¶¶ 8–9.

But even Lead Safe acknowledges that heavy metal levels vary between ingredients and "across examples from [the same] product line."  Harper Decl., Ex. 1 at 9.  Lead Safe concedes it has to "test[] multiple products from the same brand with similar ingredient profiles" and "compare those based on the different (unique) ingredients in each specific product" to "assess[] which ingredients might have which toxicants."  *Id.*, Ex. 1 at 9.  Nevertheless, Lead Safe speculates the alleged heavy metals in the Mighty Sweet Greens flavor "is likely" on account of "the combination of mango, spinach, and spirulina" because "mango, spinach and … spirulina … are often contaminated."  *Id.*, Ex. 1 at 9.  No other Snack flavor combines these ingredients or eve uses spinach or spirulina.  Lead Safe provided no commentary for the Carrot Raspberry test, but concedes the ubiquity of heavy metals: only "about 10% of the foods [Lead Safe has] tested" have been "non-detect" for heavy metals.  *Id.*, Ex. 2 at 4.

Plaintiff cites no testing of the other three flavors: Beets n' Berries, Mango Carrot, and Mixed Red Berries.

**E.    The Alleged Levels of Heavy Metals Pose No Health Risk.**

Plaintiff does not allege anyone consumed the Snacks she purchased, that the Snacks caused her or anyone else physical injury, or that the Snacks threaten future injury.  Nor does she (or could she) allege the Snacks exceed any applicable health or safety standard.  She relies instead only on four irrelevant benchmarks.

***First***, Plaintiff misleadingly compares the lead level reported by Lead Safe to FDA action levels for *plain bottled water*.  Compl. ¶ 9; *see* 21 C.F.R.

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

§ 165.110(b)(4)(iii)(A) (maximum lead content in bottled water is 0.005 mg/liter, which equals 5 ppm).  Action levels for bottled water do not apply to the Snacks.

*Second*, Plaintiff cites FDA draft guidance, Compl. ¶ 39, but the 2025 Guidance superseded the draft guidance and expressly carved out freeze-died puffs like the Snacks.  *See* § II.C, *supra*.  Moreover, Plaintiff fails to allege consuming the Snacks exceeds the Interim Reference Levels (IRL) upon which the action levels are based (2.2 micrograms lead per day).  *See* Harper Decl., Ex. 7 at 5, 11, 19.  Even this threshold includes an "*additional 10x safety factor*" below "the level at which public health interventions should be initiated."  *Id.*, Ex. 7 at 5 (emphasis added).  Plaintiff does not (and cannot) allege consuming the Snacks would exceed the IRL.

*Third*, Plaintiff mentions a "support document" published by California's Office of Environmental Health Hazard Assessment (OEHHA), Compl. ¶¶ 35–36, but she does not allege the OEHHA has issued any standard applicable to the Snacks which the Snacks exceed.

*Last*, Plaintiff cites to the Baby Food Safety Act of 2021, Comp. ¶ 38, but that bill was never voted on, let alone enacted.  *See* 117 Bill Tracking H.R. 2229 (H.R. 2229 Bill History reflecting no further actions after Act was "introduced").[3]

## F.    Plaintiff Brings Suit.

Plaintiff says she purchased the Beets n' Berries and Mango Carrot flavors on April 3, 2023, and the Carrot Raspberry and Mixed Red Berries some other time "during the class period," Compl. ¶ 40, starting October 18, 2020.  *See id.* ¶ 56 (class period coterminous with statute of limitation); *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1178 (9th Cir. 2016) (UCL has four-year statute of limitations).  She does not allege she purchased the Mighty Sweet Greens flavor.  As this table shows,

---

[3] Available at: https://www.congress.gov/bill/117th-congress/house-bill/2229/all-actions?s=6&r=1&q=%7B%22search%22%3A%22%5C%22H.R.+2229%5C%22%22%7D.

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Plaintiff purchased and has positive testing for only ***one of the five unique Snacks*** for which she brings claims (Carrot Raspberry).

| **Flavor** | **Purchased?** | **Tested?** |
|---|---|---|
| Beets n' Berries | Yes | No |
| Carrot Raspberry | Yes | Yes |
| Mango Carrot | Yes | No |
| Mighty Sweet Greens | No | Yes |
| Mixed Red Berries | Yes | No |

Plaintiff says she "would not have purchased the Product had she known the Product contains lead, cadmium, and arsenic," and alleges the Snack's labels deceived her into thinking the Snacks "did not contain [these] harmful substances." Compl. ¶¶ 41–42. The Snack labels do not say anything about heavy metals, so Plaintiff points to nine factually true or puffing statements that she believes combine to give the "net-impression … that the Products do not contain any unhealthy ingredients like lead, cadmium, and arsenic." *Id.* ¶ 20. She alleges solely that she "suffered an economic injury" buying the Snacks. *Id.* ¶ 51.

Plaintiff brings claims for violations of the CLRA, Cal. Civ. Code § 1750; the UCL, Cal. Bus. & Prof. Code § 17200; and implied warranties. The Court should dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## III.    THE COURT SHOULD DISMISS UNDER RULE 12(B)(1)

A court must dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) if a plaintiff lacks Article III standing. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Plaintiff bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). A jurisdictional challenge under Rule 12(b)(1) can be facial or factual. *Id.* To withstand a facial challenge, a plaintiff "'must clearly … allege facts demonstrating each element' of standing." *McGee*, 982 F.3d 705 (citation omitted); *see Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (same). "In the class action context, at least one named plaintiff must satisfy" the standing requirements of an injury-in-fact and a causal connection

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

between the injury and the conduct subject to complaint. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

To allege injury-in-fact, a plaintiff must allege a "concrete and particularized" injury: an injury that is "distinct and palpable … as opposed to merely abstract," *Schmier v. U.S. Ct. of Appeals for Ninth Cir.*, 279 F.3d 817, 821 (9th Cir. 2002) (citation omitted), and "that effects the plaintiff in a 'personal and individual way.'" *McGee*, 982 F.3d at 705 (citation omitted).

Plaintiff alleges no injury-in-fact for two reasons. She fails to plausibly allege the Snacks she purchased contained the alleged trace heavy metals and, even if so, she fails to explain how those trace heavy metals caused any injury.

## A. Plaintiff Lacks Standing Because She Fails to Allege the Snacks She *Actually Purchased* Contained Heavy Metals.

Plaintiff fails to allege injury particularized *to her* because she does not allege she tested the Snacks she purchased and the third-party spot-tests she cites do not support the inference that the Snacks *she purchased* contained heavy metals.

The Eighth Circuit affirmed dismissal of analogous claims on this very basis, and its reasoning is persuasive. In *Wallace*, plaintiffs alleged they suffered economic injury by overpaying for hot dogs falsely labeled "kosher." 747 F.3d at 1029–30. Like Plaintiff, the *Wallace* plaintiffs did not allege facts that they actually purchased non-kosher hot dogs, but rather only that *some* of the defendant's hot dogs were not kosher. *Id.* at 1030. This was insufficient to allege particularized injury. "Even supposing … some beef was improperly certified as kosher, the consumers g[ave] no reason to think all the beef marked as kosher … did not meet kosher standards," so it was "pure speculation to say the particular packages sold to the consumers were tainted by non-kosher beef." *Id.* at 1030–31. California district courts routinely adopt this reasoning and dismiss for lack of standing where a plaintiff cannot proffer allegations specific to the actual products she purchased. *E.g.*, *Pels v. Keurig Dr. Pepper, Inc.*, 2019 WL 5813422, at *5 (N.D. Cal. Nov. 7,

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

2019) (no particularized injury where plaintiff "failed … to plead the water *he purchased* contained violative arsenic levels"); *Bowen v. Energizer Holdings, Inc.*, 2022 WL 18142508, at *4 (C.D. Cal. Aug. 29, 2022) (same, plaintiff failed to allege "*she purchased* sunscreen included in the batches …  potentially containing benzene"); *Vavak v. Abbott Lab'ys, Inc.*, 2011 WL 13130493, at *2 (C.D. Cal. Mar. 7, 2011) (same, plaintiff "ha[d] not alleged that she *actually purchased* a product that was part of the recall").

Dismissal is appropriate here as it was in *Wallace*.  Plaintiff does not allege that she *knows* whether the Snacks she actually purchased contained heavy metals because she did not test them.  Instead, she asks the Court to *infer* that the Snacks she purchased contained heavy metals based on a single test of the Mighty Sweet Greens flavor (which she did not purchase) and a single test of the Carrot Raspberry flavor.  Inference built on speculation cannot support the claims.

For starters, the five flavors have different—even completely different— ingredients.  *See* § II.A, *supra*.  (Plaintiff says all five flavors "contain the same or similar ingredients," Compl. ¶ 8, but that is not true.  *See* Sturzenegger Decl. ¶ 2.) This difference precludes the inference that the flavors that were *not* tested (Beets n' Berries, Mango Carrot, and Mixed Red Berries) contain heavy metals because, as FDA cautions and even Lead Safe concedes, heavy metal uptake is ingredient-specific.  Harper Decl., Ex. 5 at 1; *id.*, Ex. 1 at 9.  Plaintiff fails to establish she has standing to sue over the untested Snacks because her "claim is based on the *hypothetical* possibility that the products she purchased *may* have contained" heavy metals.  *Bowen*, 2022 WL 18142508, at *4 (emphases in original).

Plaintiff also fails to plausibly allege the only Snacks she purchased *of a flavor that was tested*—Carrot Raspberry—contained heavy metals.  Plaintiff alleges she purchased the Carrot Raspberry (and Mixed Red Berries) Snacks as many as three-and-a-half years before any testing.  *See* § II.F, *supra*.  She depends upon the implausible inference that the crops used as ingredients in her three-plus-

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

year-old Snacks were the same as those tested.  *See Bowen*, 2022 WL 18142508, at *4 (dismissing where pleadings "unclear … whether Plaintiff's purchases even overlapped with the times the batches tested … were available").

And Plaintiff lacks standing to sue over the Mighty Sweet Greens flavor *because she never bought it*.  *See* Compl. ¶ 40.  A plaintiff only has standing to sue over products she purchased or "substantially similar" products.  *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012).  "[T]he critical inquiry" is "whether there is sufficient similarity between the products purchased and not purchased."  *Id.* (quotation omitted).  Here, the Mighty Sweet Greens Snacks are materially *dissimilar* from the other flavors because no other flavors contain spinach or spirulina.  Plaintiff has no standing to sue over it.

Taken together, Plaintiff speculates her Snacks contained heavy metals, but "speculation and conjecture are not injuries cognizable under Article III."  *Wallace*, 747 F.3d at 1031 (citation omitted).  The Court should dismiss.[4]

## B.    Plaintiff Lacks Standing Even If She Alleged the Snacks Contained Heavy Metals.

Even if Plaintiff had plausibly alleged the Snacks she purchased contained the trace heavy metals pled, she still would lack standing because she does not allege those trace heavy metals caused any injury.  Plaintiff does not allege the Snacks physically harmed her or anyone else.  She instead alleges "an economic injury" because she purchased the Snacks "on the assumption … that [they] did not contain harmful substances" and was "denied the benefit-of-the bargain as a result of Defendant's concealment of the" alleged heavy metals.  Compl. ¶¶ 41, 51.  But the Complaint fails to plausibly allege benefit-of-the-bargain losses for two reasons.

---

[4] If the Court disagrees and concludes Plaintiff plausibly alleges her pack of Carrot Raspberry Snacks—the only flavor both tested and purchased—contained heavy metals, it should strike Plaintiff's allegations regarding the other four flavors because they would be irrelevant to Plaintiff's remaining case.  *See Granfield v. NVIDIA Corp.*, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012) (striking allegations related to products not purchased by plaintiff).

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*First*, Plaintiff fails to allege "she bargained for a product worth a given value but received a product worth less," *McGee*, 982 F.3d at 706 (quotation omitted), because she offers no allegations that the specific levels of heavy metals alleged in the Snacks are harmful.  Merely alleging (1) a product contains heavy metals and (2) heavy metals are harmful, is insufficient without "connect[ing] these two allegations by establishing that the levels of heavy metals in the [products] are unsafe."  *Kimca v. Sprout Foods, Inc.*, 2022 WL 1213488, at *8 (D.N.J. Apr. 25, 2022).  Numerous courts have dismissed these precise economic injury claims in the context of heavy metals in children's foods.  *E.g.*, *id.* (dismissing heavy metal baby food claims for lack of physical or economic injury); *In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*, 2022 WL 10197651, at 5* (E.D. Va. Oct. 17, 2022) (same, explaining "Plaintiff fail[ed] to allege sufficient facts to support a finding of economic injury for the same reasons they cannot support a personal injury claim: there is no 'actual or imminent' injury alleged"); *In re Plum Baby Food Litig.*, 637 F. Supp. 3d 210, 225 (D.N.J. 2022) (same).

*Boysen* is instructive.  The plaintiff in *Boysen* brought nearly identical claims to Plaintiff's, alleging economic injury when he purchased fruit juices that purported to be healthy but contained low levels of heavy metals.  2012 WL 2953069, at *1.  The *Boysen* court surveyed lead cases and adopted similar reasoning to dismiss for lack of standing:

> "Plaintiffs paid for fruit juice, and they received fruit juice, which they consumed without suffering harm.  The products have not been recalled, have not caused any reported injuries, and do not fail to comply with any federal standards.  The products had no diminished value due to the presence of the lead.  Thus, Plaintiffs received the benefit of the bargain, as a matter of law, when they purchased these products."

*Id.* at *4 (quoting *In re Fruit Juice Prod. Mktg. & Sales Pracs. Litig.*, 831 F. Supp. 2d 507, 512 (D. Mass. 2011)).  "Plaintiff's allegation that the toxin levels in juice products surpass guideline levels for a different product—bottled water—d[id] not

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

distinguish his complaint from [this reasoning].  [P]laintiff ha[d] failed to allege noncompliance with *applicable* federal standards." *Id.* at *6 (emphasis in original).

This logic applies with equal force here.  Plaintiff alleges she paid for smoothie melts, received smoothie melts, and suffered no harm from consuming them.  The smoothie melts have not been recalled and have caused no reported injuries.  And Plaintiff's paper-thin attempts to identify an applicable regulatory limit go nowhere: FDA guidelines for heavy metals in *water* are plainly inapplicable, FDA's 2025 Guidance expressly carves out "freeze-dried" "puffs" like the Snacks, Plaintiff identifies no limits set by the OEHHA, and the Baby Food Safety Act never became law.  *See* § II.E, *supra.*  Courts dismiss unsubstantiated contaminant claims like these.  *See Doss v. Gen. Mills, Inc.*, 2019 WL 7946028, at *2 (S.D. Fla. June 14, 2019) (no standing for consumer protection claims alleging defendant failed to disclose pesticide in cereals), *aff'd*, 816 F. App'x 312 (11th Cir. 2020); *Herrington v. Johnson & Johnson Consumer Cos., Inc.*, 2010 WL 3448531, at *4 (N.D. Cal. Sept. 1, 2010) (same, carcinogens in baby bath products); *Koronthaly v. L'Oreal USA, Inc.*, 2008 WL 2938045, at *5 (D.N.J. July 29, 2008) (same, lead in lipstick), *aff'd*, 374 F. App'x 257 (3d Cir. 2010).

**Second**, Plaintiff's assumption the Snacks contained zero heavy metals was not part of the bargain.  To plausibly allege benefit-of-the-bargain economic injury, Plaintiff "must do more than allege that she 'did not receive the benefit she *thought* she was obtaining.' … [She] must show that she did not receive a benefit for which she actually *bargained*." *McGee*, 982 F.3d at 706 (emphasis in original).  But Plaintiff's subjective belief that the Snacks would be free of heavy metals was not part of the bargain because nowhere do the Snacks promise to be entirely free of trace heavy metals—something FDA says is infeasible.  Harper Decl., Ex. 6 at 1.

The Ninth Circuit has repeatedly explained why Plaintiff does not allege benefit-of-the-bargain damages under these circumstances.  In *McGee*, the Ninth Circuit affirmed dismissal of consumer protection claims for lack of injury-in-fact.

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

The court agreed that the plaintiff failed to allege she lost the benefit of the bargain when she bought a snack under the false assumption the snack had no trans-fat. 982 F.3d at 706. The court explained the plaintiff "d[id] not contend that [the defendant] made any representations about [the snack's] safety. Although she may have assumed that [the snack] contained only safe and healthy ingredients, her assumptions were not included in the bargain." *Id.* Likewise, in *Birdsong v. Apple, Inc.*, the Ninth Circuit held the plaintiffs "ha[d] not alleged that they were deprived of an agreed-upon benefit" when they purchased iPods that they alleged could be used at unsafe volumes. 590 F.3d 955, 961 (9th Cir. 2009). They "d[id] not allege that Apple made any representations that iPod users could safely listen to music at high volumes for extended periods of time." *Id.*

The same is true here. Plaintiff points to no statements on the Snacks' labels (or elsewhere) promising the Snacks contained zero heavy metal content (or less heavy metal content than in raw produce *or even than in home-made snacks*). Like in *Birdsong*, Plaintiff's "alleged injury in fact is premised on the loss of a 'safety' benefit that was not part of the bargain to begin with." *Id.*; *see In re Plum*, 637 F. Supp. 3d at 225–26 (representations that product was "nutritious" and "packed with essential vitamins and minerals" insufficient for economic injury because "these can be true even with the presence of heavy metals").

In sum, Plaintiff's Complaint should be dismissed for lack of Article III standing because she fails to allege any concrete injury particular to her.

## IV.    THE COURT SHOULD DISMISS UNDER RULE 12(B)(6)

Plaintiff's claims also fail on the merits. To avoid dismissal under Rule 12(b)(6), a complaint must state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plausible claim requires "factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal should be with prejudice where amendment would be futile in

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  curing a complaint's legal deficiencies.  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d
2  336, 339 (9th Cir. 1996).  Plaintiff's claims fail for various reasons.

3  **A.    All Plaintiff's Claims Fail Because She Alleges No Injury.**

4      Even if Plaintiff had Article III standing, her claims fail because, for the
5  reasons in § III, *supra*, she cannot establish the damages element to her claims.  *See*
6  *United Studio of Self Def., Inc. v. Rinehart*, 2019 WL 6973520, at *6 (C.D. Cal.
7  Sept. 9, 2019) (Carter, J.) (UCL requires economic injury); *Hull v. Safeway, Inc.*,
8  2007 WL 1576372, at *4 (Cal. Ct. App. June 1, 2007) (same for CLRA).

9  **B.    All Plaintiff's Claims Fail Because the Snacks' Labels Would Not
10       Mislead a Reasonable Consumer.**

11     Plaintiff's claims all fail because she alleges no deceptive or misleading
12  conduct.  Subject to Rule 9(b)'s heightened pleading standard, under the CLRA and
13  the fraudulent prong of the UCL, "conduct is considered deceptive or misleading if
14  the conduct is 'likely to deceive' a 'reasonable consumer.'"  *Williams v. Gerber*
15  *Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

16     **1.    Plaintiff Alleges No False or Misleading Representations.**

17     Plaintiff contends "[t]he net-effect" of the Snacks' labels "is that the Products
18  do not contain any unhealthy ingredients like lead, cadmium, and arsenic."  Compl.
19  ¶ 20.  But six of the nine statements she says create this impression, *see id.* ¶¶ 20,
20  44, are non-actionable puffery or protected by federal preemption.  The remaining
21  three factually true statements would not deceive a reasonable consumer.  A
22  collection of puffing or factually true statements that say nothing either broadly or
23  specifically about heavy metals would not deceive a reasonable consumer into
24  believing the Snacks are free of trace heavy metals.

25     **Puffery.**  For starters, four challenged statements are the kind of "general,
26  subjective claim[s] about a product" that constitute non-actionable puffery.  *Newcal*
27  *Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008); *see Tristan v.*

28

16

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  *Bank of Am.*, 2023 WL 4417271, at *4 (C.D. Cal. June 28, 2023) (Carter, J.)

2  (dismissing claims based on puffery).  These are:

3      1.  "We believe parents shouldn't have to choose between nutrition and

4          convenience.  You—and your child—deserve both";

5      2.  "Amara Smoothie Melts are blended with the highest quality veggies and

6          fruits";

7      3.  "highest quality"; and

8      4.  "You're already the best parent—now you have the snacks to prove it."

9  Comp. ¶ 20.

10      As a matter of law these statements cannot deceive a reasonable consumer.

11  General statements about "nutrition" are puffery.  *See Brown v. Abbott Lab'ys., Inc.*,

12  2011 WL 4496154, at *4 n.3 (N.D. Ill. Sept. 27, 2011) ("count on Similac for

13  nutrition you can trust" was puffery); *Bland v. Abbott Lab'ys, Inc.*, 2012 WL 32577,

14  at *2–3 (W.D. Ky. Jan. 6, 2012) ("balance of protein, minerals, and other nutrients

15  that helps give babies a strong start in life" was puffery).  "Highest quality"

16  statements are puffery.  *See In re Toyota Motor Corp. Unintended Acceleration*

17  *Mktg., Sales Pracs. & Prods. Liab. Litig.*, 754 F. Supp. 2d 1208, 1229 (C.D. Cal.

18  2010) ("high quality" was puffery); *Golden W. Trading, Inc. v. BelGioioso Cheese,*

19  *Inc.*, 2010 WL 11515277, at *3 (C.D. Cal. Feb. 19, 2010) (same).  And "best"

20  statements are puffery.  *See Fraker v. KFC Corp.*, 2007 WL 1296571, at *3 (S.D.

21  Cal. Apr. 30, 2007) ("best food" was puffery); *Finney v. Ford Motor Co.*, 2018 WL

22  2552266, at *8 (N.D. Cal. June 4, 2018) ("best in-class" was puffery).

23      **Preempted.**  Two additional statements are protected by federal preemption:

24      5.  "Organic" in the USDA Organic certification seal, and

25      6.  "Just" in the ingredient list.

26  Compl. ¶ 20.

27      The Organic Foods Production Act (OFPA), 7 U.S.C.A. § 6501 *et seq.*,

28  impliedly preempts Plaintiff's claim that "organic" in the "USDA Organic" seal is

**Davis Wright Tremaine** LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  misleading.  *Marentette v. Abbott Lab'ys, Inc.*, 886 F.3d 112, 118 (2d Cir. 2018)

2  (OFPA impliedly preempted California consumer-protection claims challenging

3  USDA organic seal).  The OFPA establishes an organic certification program,

4  administered by the USDA, through which USDA certification agents certify

5  certain products "organic."  *Id.*  Plaintiff cannot prohibit Amara from placing that

6  properly certified statement on the Snacks' labels.  *See Brown v. Danone N. Am.,*

7  *LLC*, 2018 WL 2021340, at *5 (N.D. Cal. May 1, 2018) (OFPA preempted UCL

8  and CLRA claims challenging "USDA Organic" seal); *see also Cohen v. Conagra*

9  *Brands, Inc.*, 2024 WL 1136394, at *3–4 (C.D. Cal. Feb. 26, 2024) (Carter, J.)

10  (challenges to statements on USDA-approved labels preempted).

11          Further, the Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. § 301 *et seq.*,

12  expressly preempts Plaintiff's claim that "just" in the ingredients list is misleading.

13  21 C.F.R. § 343-1(a).  The FDCA requires food labels to list each "ingredient" in

14  the food.  21 U.S.C. § 343(i); *see* 21 C.F.R. § 101.4(a)(1).  Arsenic, cadmium, and

15  lead are not "ingredients."  The FDCA does not define "ingredient," but the statute

16  and its implementing regulations list numerous "ingredients" at various points, *e.g.*,

17  21 U.S.C. § 321(ff) (vitamins, minerals, and amino acids are "ingredients"); 21

18  C.F.R. § 145.110(a)(2) (water, apple juice, and salt); *id.* § 150.140(c) (nutritive

19  carbohydrate sweeteners, spices, and preservatives), none of which include heavy

20  metals.  To the contrary, regulations refer to heavy metals as "inorganic

21  substances," *id.* § 165.110, and require them to be listed in certain circumstances,

22  *id.* §§ 184.1555, 184.1983, but not on the ingredient list.  As such, Plaintiff's claim

23  is preempted to the extent it seeks to challenge the Snacks' compliant ingredient

24  list.  *See Sims v. Campbell Soup Co.*, 2018 WL 7568640, at *7–8 (C.D. Cal. Sept.

25  24, 2018) (claim challenging statement in ingredient list preempted); *Gross v.*

26  *Vilore Foods Co., Inc.*, 2020 WL 6319131, at *3 (S.D. Cal. Oct. 28, 2020) (same,

27  collecting cases).

28          These two statements cannot support Plaintiff's deception theory.

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**Factually True and Incapable of Deception.**  The remaining three statements Plaintiff challenges are factually true and incapable of deceiving a reasonable consumer:

    7.  "Non-GMO" in the Non-GMO Project's Product Verification Program seal,

    8.  "No Sugar Added!," and

    9.  "Free of additives and preservatives."

Compl. ¶ 20.[5]

    For starters, Plaintiff does not allege the Snacks include GMO ingredients, added sugar, additives, or preservatives.  Moreover, it is unreasonable for a consumer to read into these straightforward, limited, and factually accurate promises a different promise to eliminate all heavy metals from the Snacks.  The court in *Hadley* dismissed claims like Plaintiff's, and its reasoning is on-point:

> [T]he statement "MADE WITH Real Fruit" is a factually true statement. … The statement "MADE WITH Real Fruit" does not reference the presence, or lack thereof, of trans fat.  In fact, the product packaging for the Nutri-Grain bars does not mention trans fat at all.  Defendant's factually true statement would not cause a reasonable consumer to believe that the Nutri-Grain Bars are free of trans fat.

243 F. Supp. 3d at 1093 (collecting cases).  Same here.

    In short, Plaintiff's central theory—that the Snacks' labels deceive consumers into believing the Snacks contain no trace heavy metals—hinges on an unreasonable interpretation of three factually true statements irrelevant to heavy metals.  This theory fails, as does her CLRA and fraudulent UCL claims.[6]

---

[5] Even if "organic" and "just" were not protected by preemption, they are factually true and incapable of deception.

[6] Plaintiff implies the Snacks are mislabeled because they say they are "healthy" despite containing coconut milk.  Compl. ¶ 11.  But this undeveloped theory would fail for the same lack-of-injury reasons explained above, plus because the Snacks never say the word "healthy" and their ingredient lists *disclose* they contain coconut milk.  Sturzenegger Decl. ¶ 2.

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## 2.    Plaintiff Alleges No Fraudulent Omissions.

In lieu of any misleading representations, the Complaint also alleges Amara failed to disclose the alleged presence of trace heavy metals in the Snacks.  Compl. ¶ 45.  This theory does not give rise to liability either.  To plausibly allege a fraudulent omission under the CLRA or UCL, Plaintiff must allege the omission was either (1) "contrary to a representation actually made by the defendant," or (2) something "the defendant was obliged to disclose."  *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 865 (9th Cir. 2018) (quotation omitted).  Because, as discussed in § IV.B.1, Plaintiff identifies no representation "actually made" by Amara about heavy metals, she must allege Amara was "obliged to disclose" the alleged trace heavy metals.  *See* Compl. ¶ 46 (alleging Amara "had a duty to disclose").  But a defendant does not have a duty to disclose a fact unless its product poses an "unreasonable safety risk" or the fact is "material" and "central to the product's function."  *Grausz v. Hershey Co.*, 713 F. Supp. 3d 818, 827–28 (S.D. Cal. 2024) (dismissing analogous claims because plaintiff did not "plead the amounts of the substances in Hershey's Products have created an *unreasonable* safety hazard").

The Complaint alleges that selling the Snacks with trace heavy metals is "not reasonable" and "goes to the central function of the product," Compl. ¶¶ 47–48, but these allegations are conclusory.  Even if the Snacks pose *some* risk, nothing in the Complaint supports the inference that that risk is unreasonable (or even avoidable), nor that the Snacks are unfit for consumption.  *See* § II, *supra*.  Courts dismiss on this basis.  *See Herrington*, 2010 WL 3448531, at *8 (dismissing, reasoning, "[b]ecause [plaintiffs] have not averred facts that show that the levels of these substances caused them or their children harm, under the objective test for materiality, the alleged non-disclosures are not actionable").

Plaintiff's claims fail on the merits because she alleges no deception.

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## C.    Plaintiff's Claims Fail for Other Specific Reasons.

### 1.    Plaintiff's UCL Claim Fails.

Plaintiff brings claims under each of the UCL's prongs.  Compl. ¶¶ 84–88.

**Unlawful.**  Plaintiff fails to support an unlawful claim because the laws she suggests Amara violated depend on the reasonable consumer test, *id.* ¶ 84; *see Williams*, 552 F.3d at 938 (test applies to California's False Advertising Law, Cal. Bus. & Prof. Code § 17500), which Plaintiff does not pass.  *See* § IV.B, *supra*. Additionally, her implied warranty claim cannot support an unlawful UCL claim. *See* § IV.D, *infra*.

**Unfair.**  Plaintiff alleges no unfair conduct because she does not explain how it is unfair to produce and market Snacks that pose no health risks under any applicable standard.

**Fraudulent.**  The fraudulent claim fails under the reasonable consumer test. *See* § IV.B, *supra*.

### 2.    Plaintiff's Implied Warranty Claims Fail.

Plaintiff's implied warranty theories overlap with her misrepresentation theory, and fail for the same reason.  "Under California law, the implied warranty can be violated if (1) the product is not 'fit for the ordinary purposes for which such good [is] used,' or (2) does not 'conform to the promises or affirmations of fact made on the container or label.'"  *Hadley*, 243 F. Supp. 3d at 1106 (quoting Cal. Com. Code § 2314(2)).  The Complaint does not allege the Snacks are unfit for their ordinary purpose—consumption—for the reasons stated above.  And the Complaint does not allege the Snacks promise to be free of trace heavy metals found in the food supply, also for the reasons stated above.

### 3.    Plaintiff's Complaint Does Not Entitle Her to Punitive Damages.

Plaintiff also fails to allege a claim for punitive damages against Amara, *see* Compl. ¶ 106, because she fails to allege "knowledge or ratification of the conduct … 'on the part of an officer, director, or managing agent of'" Amara. *N.*

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Am. Co. for Life & Health Ins. v. Zhang*, 2019 WL 1060616, at *3 (C.D. Cal. Jan. 3, 2019) (quoting Cal. Civ. Code § 3294).  Her conclusory allegation that Amara acted with "malic[e], oppressi[on], and/or fraud[]," Compl. ¶ 106, never alleges how any *individual* at Amara knew of or ratified this conduct.  *See Harper Constr. Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2020 WL 1820124, at *8 (S.D. Cal. Apr. 10, 2020) (dismissing punitive damages claim for this reason); *Rausch v. Flatout, Inc.*, 660 F. Supp. 3d 855, 862–63 (N.D. Cal. 2023) (same).

## V.    CONCLUSION

The Court should dismiss Plaintiff's claims with prejudice because she cannot allege facts that would save her case and remain consistent with those alleged here.

DATED: January 10, 2024

DAVIS WRIGHT TREMAINE LLP
JACOB HARPER (SBN 259463)
ASHLEY VULIN (*pro hac vice pending*)


By: /s/ *Jacob M. Harper*
            Jacob M. Harper

Attorneys for Defendant
PATAFOODS, INC. d/b/a Amara Organic Foods, Inc.


The undersigned, counsel of record for Defendant, certifies that this brief contains 6,783 words, which complies with the word limit of L.R. 11-6.1.

MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899