JACOB M. HARPER (State Bar No. 259463)
  jacobharper@dwt.com
ASHLEY L. VULIN (*pro hac vice submitted*)
  ashleyvulin@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California  90017
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
PATAFOODS, INC., D/B/A
AMARA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JESSICA VU, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>PATAFOODS, INC. d/b/a Amara Organic Foods, Inc.,<br><br>        Defendant. | Case No. **8:24-cv-02265**<br><br>**REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANT PATAFOODS, INC.'S MOTION TO DISMISS COMPLAINT**<br><br>[*Filed concurrently with Notice of Motion and Motion, Declaration of Jessica Sturzenegger, Declaration of Jacob M. Harper, and [Proposed] Order*]<br><br>Assigned to the Hon. David O. Carter<br>Courtroom:  10A<br><br>Date:          February 10, 2025<br>Time:          8:30 a.m.<br><br>Action Filed: October 18, 2024 |

# REQUEST FOR JUDICIAL NOTICE

## I. INTRODUCTION

Defendant Patafoods, Inc. (Amara) respectfully requests that the Court consider certain documents in ruling on Amara's Motion to Dismiss. These documents are incorporated by reference into the Complaint, subject to judicial notice, or both.

**Incorporated by Reference.** The Complaint relies on, selectively quotes from, and therefore incorporates by reference, two posts from the Lead Safe Mama (Lead Safe) website. The posts are attached to the concurrently filed Declaration of Jacob M. Harper (Harper Decl.) in support of Amara's Motion:

- **Exhibit 1:** An image of an August 18, 2024 post on the Lead Safe website titled *Amara Organic Smoothie Melts in Mighty Sweet Greens flavor tests positive for unsafe levels of Lead, Cadmium, and Arsenic. Here's the lab report*; and

- **Exhibit 2:** An image of an October 13, 2024 post on the Lead Safe website titled *Amara Organic Smoothie Melts in Carrot Raspberry Flavor test positive for unsafe levels of Lead, Cadmium, & Arsenic — September 2024 Lab Report*.

**Judicial Notice.** The Lead Safe posts are also judicially noticeable because they are publicly available and their authenticity cannot by disputed. So too are the following government-published documents, true and correct copies of which are attached to the Harper Declaration:

- **Exhibit 3:** FDA, *Interactive Nutrition Facts Label: Vitamins and Minerals Chart* (Oct. 2021);

- **Exhibit 4:** FDA, *FDA Response to Questions About Levels of Toxic Elements in Baby Food, Following Congressional Report* (Feb. 16, 2021);

2

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 3-6800
Fax: (213) 633-6899

- **Exhibit 5:** FDA, *FDA Letter to Industry on Chemical Hazards, including Toxic Elements, in Food and Update on FDA Efforts to Increase the Safety of Foods for Babies and Young Children* (Mar. 5, 2021);
- **Exhibit 6:** FDA, *FDA Releases Action Plan for Reducing Exposure to Toxic Elements from Foods for Babies, Young Children* (Jan. 2023); and
- **Exhibit 7:** FDA, *Action Levels for Lead in Food Intended for Babies and Young Children: Guidance for Industry* (Jan. 2025).

## II.  LEGAL STANDARD

There are two ways a court may consider material outside the pleadings when ruling on a motion to dismiss under Rule 12(b)(6): the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself" in order to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002.  The doctrine applies "if the plaintiff refers extensively to [a] document or [a] document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  A court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss." *Id.*; *see In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (a document incorporated by reference "is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents" )

"Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja*, 899 F.3d 988, at 999 (quoting

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS COMPLAINT

3

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 3-6800
Fax: (213) 633-6899

Fed. R. Evid. 201(b)). A fact is not subject to reasonable dispute if it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### III. THE COURT SHOULD CONSIDER AMARA'S DOCUMENTS

#### A. The Lead Safe Posts Are the Basis for Plaintiff's Claim.

The Court should find the Lead Safe blog posts reporting on the alleged test results incorporated by reference, attached as Exhibits 1 and 2 to the Harper Declaration. Courts may consider websites referenced in a complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1077 (9th Cir. 2005) (complaint incorporated a website webpage that formed the basis of plaintiff's claim); *A.S. v. SelectQuote Ins. Servs.*, 2024 WL 3881850, at *4 (S.D. Cal. Aug. 19, 2024) (complaint incorporated defendant's privacy policy on website). Courts also recognize that a complaint incorporates test results upon which its claims are based. *See McConnon v. Kroger Co.*, 2024 WL 3941340, at *1 (C.D. Cal. June 21, 2024) (complaint incorporated third-party lab test results of challenged product); *Bowen v. Energizer Holdings, Inc.*, 2022 WL 18142508, at *4, (C.D. Cal. Aug. 29, 2022) (considering third-party lab test results of sunscreen).

The Court should find the Lead Safe posts incorporated by reference because the sole basis for Plaintiff's allegations that the Snacks contain lead, cadmium, and arsenic is the purported testing posted to the Lead Safe blog. Compl. ¶ 8. She cites directly to the Lead Safe website, *id.* ¶¶ 8, 24, but she omits portions of the webpages where Lead Safe explains that it "cannot speculate [on a common source of any purported contamination] … unless we have tested multiple products from the same brand with similar ingredient profiles—and can compare those based on the different (unique) ingredients in each specific product." Harper Dec., Ex. 1 at 9. This directly undermines Plaintiff's theory that spot tests of two unique products plausibly alleges the remaining three unique products contain heavy metals.

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS COMPLAINT

4

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 3-6800
Fax: (213) 633-6899

Incorporation by reference prevents precisely this cherry-picking. *Bunag v. Aegis Wholesale Corp.*, 2009 WL 2245688, at *3 (N.D. Cal. July 27, 2009).

The Court should find Exhibits 1 and 2 to the Harper Declaration incorporated by reference into the Complaint.[1]

### B.     The Court Should Consider FDA Documents.

Further, the Court should take judicial notice of several FDA publications relevant to Plaintiff's claims, attached as Exhibits 3 to 7 of the Harper Declaration. "A court can take judicial notice of a government's website." *Evo Brands, Ltd. Liab. Co. v. Al Khalifa Grp. Ltd. Liab. Co.*, 657 F. Supp. 3d 1312, 1322 (C.D. Cal. 2023) (taking judicial notice of page on FDA website); *Boysen v. Walgreen Co.*, 2012 WL 2953069, at *1 (N.D. Cal. July 19, 2012) (same); *see Daniels-Hall v. Nat'l Edu. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (appropriate to take judicial notice of information made publicly available by government entities).

The Court can and should take judicial notice of the FDA because they provide indispensable context for Plaintiff's claims. *See U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381–82 (C.D. Cal. 2014) (taking judicial notice of documents from FDA's website); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023–24 (C.D. Cal. 2008) (taking judicial notice of drug labels taken from FDA's website); *County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a Department of Health and Human Services web site); *Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) (agency websites often treated as proper subjects for judicial notice, collecting cases).

The Court should take judicial notice of Exhibits 3 to 7 to the Harper Declaration.

---

[1] In any event, the Lead Safe posts are judicially noticeable because they are publicly available and their authenticity is not in dispute—Plaintiff cites them herself. *See Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1079 (C.D. Cal. 2021) (taking judicial notice of website discussed in complaint); *In re Adobe Sys., Inc. Priv. Litig.*, 66 F. Supp. 3d 1197, 1207 (N.D. Cal. 2014) (same).

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS COMPLAINT

5

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 3-6800
Fax: (213) 633-6899

## IV. CONCLUSION

The Court should consider the Exhibits attached to the Harper Declaration in ruling on Amara's Motion.

DATED: January 10, 2025

Davis Wright Tremaine LLP
JACOB HARPER (SBN 259463)
ASHLEY VULIN (*pro hac vice submitted*)

By: /s/ *Jacob M. Harper*
Jacob M. Harper
Attorneys for Defendant
PATAFOODS, INC. d/b/a Amara

6

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS COMPLAINT

Davis Wright Tremaine LLP
350 S. Grand Ave., 27th Floor
Los Angeles, California 90071
(213) 3-6800
Fax: (213) 633-6899