JACOB M. HARPER (State Bar No. 259463)
  jacobharper@dwt.com
ASHLEY L. VULIN (*pro hac vice pending*)
  ashleyvulin@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California  90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
PATAFOODS, INC., D/B/A
AMARA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JESSICA VU, individually, and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>PATAFOODS, INC. d/b/a Amara Organic Foods, Inc.,<br><br>            Defendant. | Case No. **8:24-cv-02265**<br><br>**DEFENDANT PATAFOODS, INC.'S REPLY IN SUPPORT OF REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Assigned to the Hon. David O. Carter<br>Courtroom:  10A<br><br>Date:          February 10, 2025<br>Time:          8:30 a.m.<br><br>Action Filed: October 18, 2024 |

## I. INTRODUCTION

Defendant PataFoods, Inc. ("Defendant") requested that the Court consider certain documents in ruling on its Motion to Dismiss—documents at the foundation of Plaintiff's case against Defendant. *See* ECF No. 20 ("RJN"). In keeping with her shifting allegations and arguments, Plaintiff now tries to hide from these documents, and hide them from the Court. The Court should ignore this gamesmanship and take the routine step of finding these documents incorporated by reference into the Complaint, or judicially noticeable.

## II. THE COURT SHOULD CONSIDER DEFENDANT'S DOCUMENTS

### A. The Court Should Consider FDA Documents.

The Court should consider the FDA documents attached as Exhibits 3 to 7 to the Harper Declaration because they are, at least, judicially noticeable. RJN 5.

In the first instance, both Parties have requested judicial notice of Exhibit 7, the 2025 FDA Guidance. *See* ECF No. 24 (Plaintiff's Request for Judicial Notice, Exhibit A). The 2025 FDA Guidance, while post-dating the Complaint, has become an indispensable part of Plaintiff's argument in Opposition. *See* ECF No. 23 (Opp'n. to MTD). Plaintiff argues she has standing because the Snacks exceed the heavy metal action levels set out in that Guidance. *Id.* at 1 (alleging "[t]he Products contain two three to three times above the Action Levels"). She stubbornly ignores that the Guidance carves out "snack food," which she admits the Snacks are, Compl. ¶ 47 (Snacks are "snacks"), but the Court can and should look for itself. No evidentiary rule permits Plaintiff to rely on standards that, by their plain terms, do not apply to the Snacks.

It is routine to take judicial notice of related FDA documents, *see* RJN 5, and the additional records found in Exhibits 3 – 6 shed light on FDA's ongoing and active involvement in regulating heavy metals in the food supply. Plaintiff does not contest the judicial noticing of these records, ECF No. 25, but merely makes

REPLY ISO REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS COMPLAINT

1

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

arguments about how the Court can utilize the documents (which Defendant addresses in the RJN and above).

Additionally, Plaintiff points out some typographical errors in Defendant's Request for Judicial Notice that are easily correctible (and corrected here):

- Exhibit 4 is a publication by FDA titled *FDA Response to Questions About Levels of Toxic Elements in Baby Food, Following Congressional Report*, published on February 16, 2021, to FDA's website.  It is publicly available at this corrected hyperlink: https://www.fda.gov/food/hfp-constituent-updates/fda-response-questions-about-levels-toxic-elements-baby-food-following-congressional-report.
- Exhibit 6 is a publication by FDA titled *FDA Releases Action Plan for Reducing Exposure to Toxic Elements from Foods for Babies, Young Children*, published on April 8, 2021, to FDA's website.
- Exhibit 7 is a publication by FDA titled *Action Levels for Lead in Food Intended for Babies and Young Children: Guidance for Industry*, published in January 2025 to FDA's website.

**B.    The Lead Safe Posts Are the Basis for Plaintiff's Claim.**

Plaintiff's theory is that Defendant's Snacks contain heavy metals.  She makes this claim because the Lead Safe Mama (Lead Safe) blog apparently paid for and posted test results of two flavors of the Snacks.  Compl. ¶ 8 nn.6, 7.  Without these allegations she has no case whatsoever.  Her Complaint cites to and even copies images of the alleged test results posted on the website.  *Compare id.* ¶ 24 (images of test results) *with* Harper Decl., Exs. 1 at 7–8, 2 at 7 (same images).  The Court should consider them as incorporated by reference in the Complaint.

Defendant reasonably requested that the Court find these webpages incorporated by reference because they form the basis of Plaintiff's case yet, considered in full, directly undermine the plausibility of Plaintiff's claims.  RJN 4–

REPLY ISO REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS COMPLAINT

2

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

5. This request is not especially controversial, and many of the cases Plaintiff cites in her Opposition recognize that testing records upon which a plaintiff bases her claims are incorporated by reference into the complaint. *Balistreri v. McCormick & Co., Inc.*, 2023 WL 5988600, at *3 (N.D. Cal. Sept. 13, 2023) ("Plaintiffs' Complaint alleges the content in these documents [the Consumer Reports testing]; thus, they are incorporated by reference."); *In re Trader Joe's Co. Dark Chocolate Litig.*, 726 F. Supp. 3d 1150, 1164 (S.D. Cal. 2024) ("The Court GRANTS the request to incorporate … the December 2022 [Consumer Reports] Report, Consumer Reports' Test Methodology publication, and As You Sow 2022 test results."); *In re Theos Dark Chocolate Litig.*, 2024 WL 4336631, at *3 (N.D. Cal. Sept. 27, 2024) ("[T]he Consumer Reports article … that appears to undergird Plaintiffs' claims concerning the presence of Heavy Metals in Defendant's products is incorporated by reference."); *Levy v. Hu Prods. LLC*, 2024 WL 897495, at *2 (S.D.N.Y. Mar. 1, 2024) ("In deciding the instant motion, the Court considers the Consumer Reports article, which the complaint incorporates by reference and which Levy knew about and relied upon in bringing the suit."); *see also Rodriguez v. Mondelez Glob. LLC*, 703 F. Supp. 3d 1191, 1203 (S.D. Cal. 2023) (taking judicial notice of article publishing test results and tests).

Because the Lead Safe webpages with the test results are incorporated by reference, the Court "may treat [these] document as part of the complaint, and thus may assume that [their] contents are true for purposes of a motion to dismiss." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (a document incorporated by reference "is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents").

Plaintiff says, "the blog posts are mentioned each time exactly once," ECF No. 25 (RJN Opp'n.) at 1, but she misses the point. These blog posts are the entire basis for her case. They are the only reason she believes the Snacks contain heavy

REPLY ISO REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS COMPLAINT

3

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

metals. And if the blog posts do not support her claims because they concede the limitations of the testing they paid for and published, Plaintiff must take the bad with the good. And her reliance on *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134 (9th Cir. 2024), is misplaced because incorporation by refence is not an evidentiary rule—it is a doctrine that governs the pleadings themselves. The Lead Safe posts are incorporated into the pleadings as though alleged in the Complaint. *Ritchie*, 342 F.3d at 908; *In re NVIDIA*, 768 F.3d at 1058 n.10.

The Court should consider the contents of the Lead Safe posts.

DATED: January 27, 2024

DAVIS WRIGHT TREMAINE LLP
JACOB HARPER (SBN 259463)
ASHLEY VULIN (*pro hac vice pending*)

By: /s/ *Jacob M. Harper*
      Jacob M. Harper

Attorneys for Defendant
PATAFOODS, INC. d/b/a Amara

The undersigned, counsel of record for Defendant, certifies that this brief contains 1,064 words, which complies with the word limit of L.R. 11-6.1.

4
REPLY ISO REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899